**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Eason;<br>Erie Lee Eason,<br>　　　　Plaintiffs,<br>vs.<br>IndyMac Federal Bank, FSB;<br>MTC Financial, Inc. dba Trustee Corps.;<br>MERS,<br>　　　　Defendants. | No. CV 09-1423-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss (to which Plaintiff did not respond), MERS' motion for summary disposition of its motion to dismiss, MTC Financial, Inc.'s, dba Trustee Corps, ("MTC") fully briefed motion to dismiss; and Plaintiff's motion for judgment nihil dicit. On this record, it does not appear that Plaintiff has served the third defendant, IndyMac Federal Bank, F.S.B.[1]

**I.　Plaintiff's Motion for Judgment Nihil Dicit (Doc. #18)**

Nihil Dicit means, "The failure of a defendant to answer a lawsuit." BLACK'S LAW DICTIONARY 1144 (9th ed. 2009). Under Federal Rule of Civil Procedure 55(a), default can be entered when a party, who has been served in accordance with Federal Rule of Civil

---

[1] In its motion to dismiss, MERS argues that it too has not been properly served.

Procedure 4, has failed to plead or otherwise defend. As the previous paragraph indicates, on this record, every Defendant has either defended, or Plaintiff has failed to file a proof of service (or both). Therefore, default judgment is not appropriate and Plaintiff's motion will be denied.

**II.     MTC's Motion to Dismiss (Doc. #14)**

Though MTC does not cite the Federal Rule under which it moves for dismissal, based on the substance of its motion, it appears it is seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) — failure to state a claim. Specifically, MTC argues that because Plaintiff failed to allege any specific acts of wrongdoing by MTC, under Arizona Revised Statute § 33-807(E), MTC should not have been named as a party merely because it was the successor trustee. Doc. #14 at 2.

Plaintiff responds and makes specific allegations against MTC. Doc. #16 at 2-4. MTC replies and concedes that it can be sued for violations of Arizona's Trust Deed statutes under Chapter 6.1 of Title 33, A.R.S. § 33-801, et seq., or for a violation of the provisions of the trust deed at issue in this case. Doc. #24 at 1. However, MTC argues that Plaintiff cannot make allegations in response to a motion to dismiss to cure a lack of allegations in a complaint. *Id.* at 2.

MTC is correct that factual allegations appearing in only a response to a motion, and not in a pleading, cannot be considered by the Court in ruling on a motion to dismiss under 12(b)(6). *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, n.1 (9th Cir. 1998). However, in this case, Plaintiff has not amended once as a matter of right under Federal Rule of Civil Procedure 15. And the Court of Appeals has instructed that this Court cannot dismiss an amended complaint in these circumstances, unless this Court determines that an amendment court not cure the deficiencies. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).[2] In this case, the Court cannot say that

---

   [2]     Fed.R.Civ.P. 15(a) provides, *inter alia,* that "a party may amend his pleading once as a matter of course at any time before a

- 2 -

1  the deficiencies could not be cured by amendment; therefore, the Court will grant the motion
2  to dismiss with leave to amend. Additionally, the Court will deny MTC's request for fees
3  for bringing the motion to dismiss.

**III.  MERS' Motion to Dismiss (Doc. #11) and Motion for Summary Disposition (Doc. #25)**

Considering first the motion for summary disposition, the Court of Appeals has instructed that this Court can apply a local rule to grant summary disposition of a motion to dismiss only if the case warrants dismissal under the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Because the motion for summary disposition does not address these factors, the Court will deny the motion and proceed to the merits of the motion to dismiss.

As to the motion to dismiss, MERS seeks dismissal for three reasons: (1) improper service under Federal Rule of Civil Procedure 12(b)(5), (2) failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b); and (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

responsive pleading is served . . . ." We have stated that "'[a] motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that state is improper . . . .'" *Mayes*, 729 F.2d at 607 (quoting *Breier v. Northern California Bowling Proprietors' Association*, 316 F.2d 787, 789 (9th Cir. 1963)). If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

*Schreiber Distrib. Co.*, 806 F.2d at 1401.

- 3 -

**A.   12(b)(5)**

As MERS argues, because service in this case was not made by waiver, Plaintiff is required to file an affidavit of service. Fed. R. of Civ. Pro. 4(l)(1). The Court does not see in this record any affidavit of service. This case was filed in state court on June 12, 2009. Therefore, under Federal Rule of Civil Procedure 4(m), Plaintiff has until October 13, 2009 to complete service. Thus, the motion to dismiss on this basis will be denied as premature. Such denial is without prejudice to MERS again moving to dismiss on this basis after October 13, 2009, if appropriate.

**B.   9(b)**

A Plaintiff must plead fraud with particularity under Federal Rule of Civil Procedure 9(b) after removal from state court. *See Williamson v. Allstate Insurance Co.*, 204 F.R.D. 641, 643, n.3 (D. Ariz. 2001).

> The particularity requirement of Rule 9(b) requires claims for fraud "to be pled with sufficient specificity to allow a defendant an opportunity to defend against the claim, rather than simply deny they have done anything wrong." *Foster v. Allstate Ins. Co.*, No. 93-0960-BTM, 1995 WL 396646, at *2 (S.D.Cal. Oct. 7, 1993) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985)). Pursuant to Fed.R.Civ.P. 9(b), "in order for a complaint to allege fraud with the requisite particularity, 'a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'" [footnote omitted] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 [9th Cir. 1999] (quoting *In re GlenFed*, 42 F.3d at 1548 [9th Cir. 1994]).

*Id.* at 644-45.

The Court has reviewed the Complaint and agrees with MERS that, as to the fraud allegations, it fails to plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b). "The plaintiff's failure to meet specific pleading requirements for fraud should not automatically result in dismissal with prejudice without granting leave to amend, unless the defect is incurable or plaintiff failed to plead with particularity after repeated opportunities." *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, *7 (N.D. Tex. 2008) (citing *Hart v. Bayer Corp.*, 199 F.3d 269, n.6 (5th Cir. 2000)). Here, the Court cannot say this defect is incurable, and as discussed above, Plaintiff has not previously amended the

- 4 -

1  Complaint. Accordingly, the Court will give Plaintiff leave to amend to plead fraud with
2  particularity.

### C. 12(b)(6)

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleading standard of Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists when the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

The Complaint in this case fails to meet the short plain statement requirement of Rule 8. Further, it fails to allege specific facts to support what appears to be a claim of fraud.[3] The Complaint makes a list of demands, many of which are in the nature of discovery requests, but does not allege factually what each Defendant did that would be "fraud" under

---

[3] "This application is based on the grounds that fraud has been found in the original transaction..." Complaint at 1.

- 5 -

Arizona law.[4] As *Iqbal* states, a plaintiff doing no more than stating the legal conclusion that he was the victim of fraud is insufficient to meet Rule 8's pleading requirements. 129 S.Ct. at 1949. The only fact even alleged in the Complaint is that when Plaintiff's loan on his home was transferred to a new lender, he received a new loan number with each new lender. Complaint at 4. This fact alone, however, is insufficient to be fraud.[5] Little else in the Complaint can be construed as a factual allegation. As a result, Plaintiff fails to meet the pleading requirements outlined in *Iqbal*.

As discussed above, because Plaintiff has not amended once as a matter of right under Federal Rule of Civil Procedure 15(a), the Court must allow him to do so. Therefore, the motion to dismiss the Complaint will be granted, but Plaintiff will be given leave to amend. In so amending, Plaintiff is encouraged to make a short and <u>plain</u> statement of his claims.

---

[4] Defendants removed to federal court arguing that federal subject matter jurisdiction was premised on a federal question; specifically an alleged violation of either (or all of) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq.; the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Federal RICO Act, 18 U.S.C. § 1961 et seq. Doc. #1 at 2. The Complaint does not actually contain a "count" or "claim" under any of these statutes. However, Defendants argue that such claims could be inferred from the exhibits to the Complaint. The Court agrees with Defendants' statement that determining the exact nature of the claim(s) in this case is difficult. In amending the Complaint, Plaintiff must affirmatively plead whether he seeks relief under any or all of these statutes so the Court can properly assess its jurisdiction. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("inquiring whether the court has jurisdiction is a federal judge's first duty in every case.")

[5] A claimant must show the following to assert fraud under Arizona law:

> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the representation's falsity or ignorance of its truth; 5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the right to rely on it; and 9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *see Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing *Echols*); *see also Williamson*, 204 F.R.D. at 644, n.4 (noting that common law fraud and statutory fraud under the Arizona Consumer Fraud Act do not have the same elements).

As the Court mentioned at the hearing on July 16, 2009, plain language explaining the facts which Plaintiff claims gives rise to the fraud in the case will be essential for the Court to understand the nature of Plaintiff's claims.

Based on the foregoing,

IT IS ORDERED that Plaintiff's motion for judgment nihil dicit (Doc. #18) is denied.

IT IS FURTHER ORDERED that MTC's motion to dismiss (Doc. #14) is granted; MTC motion for fees and costs (Doc. #14) is denied.

IT IS FURTHER ORDERED that MERS' motion to dismiss (Doc. #11) based on 9(b) and 12(b)(b) is granted; MERS' motion to dismiss (Doc. #11) based on 12(b)(5) is denied without prejudice; MERS' motion for summary disposition (Doc. #25) is denied.

IT IS FURTHER ORDERED that Plaintiff has 30 days to file an amended complaint to cure the deficiencies identified herein. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court shall, without further Court order, enter judgment of dismissal, with prejudice as to this entire case.[6]

IT IS FURTHER ORDERED that, in addition to filing an amended complaint within 30 days, Plaintiff must complete service, and file the required proofs of service, within the deadline set by Federal Rule of Civil Procedure 4(m).

DATED this 2nd day of September, 2009.

*James A. Teilborg*
United States District Judge

---

[6] As discussed herein, IndyMac Federal Bank has not been served; and the time to serve has not expired. However, the Court has read the Complaint as a whole based on the two 12(b)(6) motions and found that the Complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*. Thus, if Plaintiff fails to file an amended complaint, this case will also be dismissed as to IndyMac Federal Bank because the 12(b)(6) analysis as to that defendant is the same.