**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Eason; | No. CV 09-1423-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| IndyMac Bank FSB; MTC Financial, Inc. dba Trustee Corps.; Mortgage Electronic Registration Systems, Inc. (MERS); Homeplaceloans.com, | |
| Defendants. | |

Pending before the Court are Mortgage Electronic Registration Systems, Inc.'s ("MERS") and MTC Financial, Inc.'s, dba Trustee Corps, ("MTC") motions to dismiss Pro Se Plaintiff William J. Eason's Verified Amended Complaint. (Doc. ##29-30.) The motions have been fully briefed. (Doc. ##38-39, 44, and 48.)

**I.    Background**

Plaintiff purchased the property that is the subject of this action in October, 2006. (Doc. #30 at 3.) Plaintiff obtained a loan to finance the purchase from Defendant Homeplaceloans.com. *Id.* MERS was the named beneficiary under the deed of trust. *Id.*

In March, 2009, a notice of trustee's sale for the Property was recorded. (*See* Doc. #27-2 at 11-12.) The notice of trustee's sale listed IndyMac Federal Bank, FSB as beneficiary and MTC as trustee. *Id.* Plaintiff brought suit in Maricopa County Superior Court seeking injunctive relief. On July 8, 2009, MTC removed to this Court.

Both MERS and MTC filed motions to dismiss Plaintiff's complaint for, among other reasons, its failure to state a claim. (Doc. ##11 and 14.) In its September 3, 2009 Order, the Court granted both motions in part and ordered "that Plaintiff has 30 days to file an amended complaint to cure the deficiencies identified herein." (Doc. #26.) On October 2, 2009, Plaintiff filed an Amended Complaint. (Doc. # 27.) MTC has now moved, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Arizona Revised Statues § 33-807(E), to dismiss the Amended Complaint. (Doc. #29.) MERS has also moved to dismiss pursuant to Rules 12(b)(5) and 12(b)(6). (Doc. #30.)

**II. MERS's and MTC's Motions to Dismiss Pursuant to Rule 12(b)(6)**

MTC and MERS both seek dismissal under Rule 12(b)(6) for failure to state a claim. To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleading standard of Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists when the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

**A. Plaintiff's TILA Claim**s

Plaintiff's Amended Complaint fails to meet the short plain statement requirement of Rule 8 in relation to MTC and MERS. While the complaint now lists several specific TILA violations, they are all in the form of mere legal conclusions and do not inform anyone of facts explaining which Defendants committed these violations. (Doc. #27 at 2.) As *Iqbal*

states, a plaintiff doing no more than stating a legal conclusion is insufficient to meet Rule 8's pleading requirements. 129 S.Ct. at 1949.

Further, the TILA claim fails because Plaintiff has not pled facts sufficient to show that MTC or MERS are "creditors" under TILA. TILA disclosure requirements only apply to "creditors" as defined in 15 U.S.C. § 1602(f). *See*, *e.g.*, 15 U.S.C. § 1635(a) ("The creditor shall clearly and conspicuously disclose. . ."); *see also Tomkins v. Bank of Am. Nat'l Ass'n*, No. CV-09-2014-PHX-GMS (D. Ariz. Jan. 28, 2010) (dismissing TILA claim for failure to plead facts showing defendants to be "creditors" under 15 U.S.C. § 1602(f)). In TILA a creditor is defined as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments of for which the payment of a finance charge is or may be required, and (2) is the person who the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such indebtedness, by agreement.

15 U.S.C. § 1602(f). The Amended complaint does not allege that either MTC or MERS fall within that definition. Instead, Plaintiff names Defendant Homeplaceloans.com as the party with whom he entered the loan agreement. (Doc. #27 at 14.) MTC, the foreclosure trustee, and MERS, the beneficiary under the deed of trust, are not alleged to be TILA creditors and, therefore, cannot be liable to Plaintiff for any violation of TILA. The TILA claims in the Amended Complaint against MTC and MERS are dismissed for failure to state a claim.

**B. Plaintiff's Action to Quiet Title**

Plaintiff's Amended Complaint also brings an action to quiet title in relation to all defendants. MERS argues that Plaintiff has not alleged that MERS claims any title interest in the subject property, and, therefore, MERS is not a proper party to this quiet title action under A.R.S. § 12-1101. Even in the Response, Plaintiff makes no such allegation. Therefore, MERS is not a proper party.

MTC argues that A.R.S. § 33-807(E) bars the joinder of trustees in this type of action. The Court agrees, as set forth in the next section, and thus MTC is not a proper party to this quiet title action.

1         Therefore, as to both MTC and MERS, Plaintiff's Amended Complaint is dismissed
2 pursuant to Rule 12(b)(6) for failure to state a claim.  Plaintiff has already been permitted to
3 amend the complaint once and has not moved for another amendment.[1]  Generally, leave to
4 amend a complaint is within the Court's sound discretion. When dismissing for failure to
5 state a claim, the Court should grant leave to amend unless the Court determines that the
6 pleading could not possibly be cured by the allegations of other facts. *Doe v. United States*,
7 58 F.3d 494, 497 (9th Cir. 1995); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)
8 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.")
9 Here, the Court finds that further amendment would be unlikely to cure the defects in
10 Plaintiff's TILA claims and quiet title action as to MTC and MERS.  Thus, the Court will
11 dismiss the Amended Complaint with prejudice as to MTC and MERS.

**III.     MTC's Motion to Dismiss Pursuant to A.R.S. § 33-807(E)**

13         MTC also argues that because Plaintiff failed to allege any violation of Arizona's
14 Trust Deed statutes under Chapter 6.1 of Title 33, A.R.S. § 33-801, *et seq.* (2007), or any
15 violation of the provisions of the deed of trust, MTC should not have been named as a party.
16 A.R.S. § 33-807(E) provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter.  If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

21 This section limits the joinder of trustees in litigation not premised on an alleged breach of
22 their duties as trustees.

---

[1] Plaintiff filed a "Memorandum in Support of Verified Amended Complaint" (Doc. #47) which could be *very* broadly construed as an attempt to file a Motion for Leave to File Second Amended Complaint and Proposed Second Amended Complaint.  However, this is not the form of the filing and even so considered the proposed amended complaint would not overcome the deficiencies outlined in this Order. The Court will disregard this unauthorized supplemental briefing.

- 4 -

Here, Plaintiff is not alleging any such violation of MTC's obligations under the deed of trust or the Trust Deed statutes. Neither the TILA claim nor the quiet title action touch to these issues. Therefore, Section 33-807(B) entitles MTC to immediate dismissal.

MTC has requested its attorneys' fees and court costs for having to defend against Plaintiffs' action. Section 33-807(E) provides that "If the trustee is joined as a party in any other action, the trustee *is entitled* to be immediately dismissed *and to recover costs and reasonable attorney fees from the person joining the trustee*." (Emphasis added.) MTC may file a motion for attorneys fees and costs in accordance with Local Rule of Civil Procedure 54.2.

### IV. MERS's Motion to Dismiss Pursuant to Rule 12(b)(5)

MERS also moved to dismiss the Amended Complaint for improper service under Federal Rule of Civil Procedure 12(b)(5). However, the Court finds the record to reveal the *pro se* Plaintiff's diligent effort to effect service. Further, an affidavit of service of MERS, dated October 28, 2009, appears in the record. (Doc. # 54.) Thus, the motion to dismiss on this basis will be denied.

### V. Entry of Judgment under Rule 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As the Supreme Court instructs:

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980) (citations omitted).

The Court finds that this Order disposes finally of Plaintiff's claims against MTC and MERS. Given that the only remaining defendants in this action have not yet responded to the complaint, there may be a lengthy period before the remaining claims are completely resolved. Further, the remaining defendants appear to be differently situated and their adjudication will concern different issues. Therefore, the Court finds no just reason for delay and will direct entry of final judgment as to MTC and MERS under Rule 54(b).

Based on the foregoing,

**IT IS ORDERED** that MERS's motion to dismiss (Doc. #30) based on Rule 12(b)(6) is **GRANTED**; MERS's motion to dismiss (Doc. #30) based on Rule 12(b)(5) is **DENIED**.

**IT IS FURTHER ORDERED** that MTC's motion to dismiss (Doc. #29) based on Rule 12(b)(6) is **GRANTED**; MTC's motion for fees and costs (Doc. #29) is **DENIED WITHOUT PREJUDICE**, with leave to re-file pursuant to LRCiv 54.2.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment of dismissal, with prejudice, as to MERS and MTC.

1   **IT IS FURTHER ORDERED** that Plaintiff has 30 days to re-move for an entry of
2   default under Rule 55(a) against the two remaining defendants, Homeplaceloans.com and
3   IndyMac Bank FSB.
4   DATED this 5th day of April, 2010.

_____
James A. Teilborg
United States District Judge