1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William J. Eason;<br>Erie Lee Eason,<br>       Plaintiffs,<br>vs.<br>IndyMac Bank, FSB;<br>MTC Financial, Inc. dba Trustee Corps.;<br>MERS,<br>       Defendants. | No. CV 09-1423-PHX-JAT<br><br>**ORDER** |

Presently pending before the Court is Pro Se Plaintiff William J. Eason's Application for Entry of Default (Doc. #58) and Motion to Clarify Entry of Default (Doc. #61). Plaintiff seeks default judgment against Homeplaceloans.com and IndyMac Bank, FSB. Finding an evidentiary hearing unnecessary, the Court issues the following Order.

**1. Background**

This case is based on alleged violations of the Truth in Lending Act ("TILA"), and also includes an action for quiet title based on a "produce the note" argument. Plaintiff brought suit in Maricopa County Superior Court seeking injunctive relief. On July 8, 2009, Defendant MTC Financial, Inc. ("MTC") removed to this Court. On April 6, 2010, the Court granted the motions of two defendants, MTC and Mortgage Electronic Registration System ("MERS"), to dismiss for failure to state a claim. The remaining two defendants, IndyMac Bank, FSB ("IndyMac") and Homeplaceloans.com, have failed to plead or otherwise defend.

The Clerk of the Court has entered default. (Doc. #60.) Plaintiff now requests that the Court enter default judgment granting the equitable relief of quiet title.

**1. The Motion for Default Judgment**

As default has been entered as to IndyMac and Homeplaceloans.com, the Court may consider Plaintiff's motion for default judgment (styled "Application for Entry of Default"). Fed. R. Civ. Pro. 55(b). Under Rule 55(b)(2), a court may enter a final judgment in a case following a defendant's default. However, entry of a default judgment is not a matter of right. Its entry is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Where, as here, a default has been entered, the factual allegations of the complaint together with other competent evidence submitted by the moving party are normally taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). However, this Court still must review the facts to insure that the Plaintiffs have properly stated claims for relief. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default"); *Apple Computer Inc. v. Micro Team*, No. C 98-20164 PVT, 2000 WL 1897354, at *3 n. 5 (N.D.Cal. Dec. 21, 2000) ("Entry of default judgment is not mandatory upon Plaintiff's request, and the court has discretion to require some proof of the facts that must be established in order to determine liability.") (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (3rd ed. 1998)).

In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit enumerated seven factors that a court may consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Id.* at 1471-72.

Plaintiff has submitted an affidavit—making no reference to the *Eitel* factors—requesting quiet title as the sole form of relief. Upon consideration, the Court is not satisfied that Plaintiff's showing justifies this form of equitable relief.

In assessing the first *Eitel* factor—the merits of Plaintiff's claim—the Court notes that under Arizona law, a complaint for an action to quiet title must include an allegation of title in plaintiff. *See Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 197 P. 227, 228 (Ariz 1921); *see also* A.R.S. § 12-1101, *et seq.* (2007). Further, if the complaint avers title and then proceeds to set forth facts that do not show title, the specific facts pleaded control. *Verde Water*, 197 P. at 228.

Plaintiff's specific factual allegations do not show that Plaintiff holds title. Under Arizona law governing Deeds of Trust, A.R.S. § 33-801, *et seq.* (2007), the trustee holds legal title:

> The Arizona Act defines a trust deed as a deed conveying legal title to real property to a trustee to secure the performance of a contract. This definition suggests that the trust deed, unlike the Arizona mortgage, will convey title rather than create a lien. Nonetheless, the trustee is generally held to have bare legal title-sufficient only to permit him to convey the property at the out of court sale. All other incidents of title remain in the trustor.

*Brant v. Hargrove*, 632 P.2d 978, 983 n. 6 (Ariz. App.1981) (footnotes omitted), quoting *Note, The Deed of Trust: Arizona's Alternative to the Real Property Mortgage*, 15 Ariz. L. Rev. 194, 196 (1973). A deed of trust conveys title to the trustee, but "the trustor remains free to transfer the property and continues to enjoy all other incidents of ownership." *In re Busboy*, 754 P.2d 1135, 1138 (Ariz. 1988). The "bare legal title held by the trustee is very tenuous, and may at any time prior to sale be terminated by unilateral action of the beneficiary." *Id.* (citations omitted); *see* A.R.S. § 33-804(B) (2007).

Here, according to the complaint, Plaintiff is a trustor under A.R.S. § 33-801(11) (2007) who has entered into a loan agreement to purchase trust property. Until Plaintiff pays off the loan, the trustee, or the successor trustee as named by the beneficiary, holds the title

1 in trust. Thus, quiet title is not a remedy available to the trustor until the debt is paid or
2 tendered. Plaintiff has not paid the loan amount, nor has Plaintiff alleged that he is ready,
3 willing and able to tender the full amount owed.[1] Instead, Plaintiff asks this Court to
4 invalidate the claims of the beneficiary of the deed of trust. The Court will not indulge this
5 inappropriate use of the action to quiet title. Therefore, under *Eitel*, the merits of Plaintiff's
6 claim weigh against entering default judgment.

The Court considers the other *Eitel* factors. Regarding the sufficiency of the complaint, the Court finds the Complaint insufficient due to the lack of specific facts alleged therein. The complaint does not even make clear the amount of money at stake. Regarding the possibility of prejudice to the plaintiff, the Court is not convinced Plaintiff will be unfairly prejudice by not granting default judgment for the equitable remedy requested. Regarding the possibility of a dispute concerning material facts, the Court finds it wholly possible that the Defendant would dispute Plaintiff's claim to title. Regarding whether the default was due to excusable neglect, the Court is unable to evaluate the reasons for the default. Finally, the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits weighs against granting Plaintiff default judgment.

**C. Conclusion**

Having reviewed Plaintiff's motion and considered the *Eitel* factors as a whole, the Court concludes that Plaintiff is not entitled to default judgment. While denial of default judgment would be appropriate, the Court will allow Plaintiff to file a supplemental motion addressing the *Eitel* factors. If Plaintiff fails to file an amended motion within ten days, the Court will deny the motion for default judgment with prejudice.

Accordingly,

---

[1] *See also Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) (refusing to quiet title unless plaintiff does equity by tendering the amount owed).

1 **IT IS ORDERED** denying Plaintiff's motion for default judgment (Doc. ##58, 61) without prejudice and providing Plaintiff ten calendar days from the date of this Order to file a supplemental motion for default judgment.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a supplemental motion within the allotted time, the Court will direct the Clerk of the Court to enter judgment against Plaintiff with prejudice.

DATED this 14th day of May, 2010.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge