**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Eason;<br>Erie Lee Eason,<br><br>    Plaintiffs,<br><br>vs.<br><br>IndyMac Bank, FSB;<br>MTC Financial, Inc. dba Trustee Corps.;<br>MERS,<br><br>    Defendants. | No. CV 09-1423-PHX-JAT<br><br>**ORDER** |

      Here, Pro Se Plaintiff William J. Eason asks the Court to enter default judgment against IndyMac Back, FSB ("IndyMac") and Homeplaceloans.com (Doc. #63). The Court denied Plaintiff's first motion for default judgment, but allowed Plaintiff to file an amended motion addressing the various factors bearing on the determination of whether to grant default judgment as enumerated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Finding an evidentiary hearing unnecessary, the Court issues the following Order.

**I. Background**

      This case is based on alleged violations of the Truth in Lending Act ("TILA"), and also includes an action for quiet title based on a "produce the note" argument. Plaintiff brought suit in Maricopa County Superior Court seeking injunctive relief. On July 8, 2009, Defendant MTC Financial, Inc. ("MTC") removed to this Court. On April 6, 2010, the Court

granted the motions of two defendants, MTC and Mortgage Electronic Registration System ("MERS"), to dismiss for failure to state a claim. The remaining two defendants, IndyMac and Homeplaceloans.com, have failed to plead or otherwise defend. The Clerk of the Court has entered default. (Doc. #60.)

Plaintiff moved for default judgment. After entry of default by the Clerk of the Court under Rule 55(a), the Court may then grant default judgment under Rule 55(b)(2). However, entry of default judgment is not a matter of right, but is entirely within the court's sound discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit enumerated seven factors that a court may consider in determining whether to grant default judgment.

On April 14, 2010, Plaintiff submitted an affidavit—making no reference to the *Eitel* factors—requesting declaratory relief on his TILA claims and requesting quiet title. The Court found that Plaintiff had not satisfied the *Eitel* factors, but permitted Plaintiff to file an amended motion for default judgment addressing these deficiencies. On May 21, 2010, Plaintiff filed the present motion.

## II. The Motion for Default Judgment

Plaintiff requests that the Court exercise its discretion and enter default judgment against Defendants IndyMac and Homeplaceloans.com. In exercising this discretion, the Court is guided by a consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel,* 782 F.2d at 1471-72. Because there are two separate substantive claims, the Court will first analyze the second factor—the merits of each of plaintiff's substantive claims—and then move on to the remainder of the *Eitel* factors.

**A. Merits of Plaintiff's TILA Claims**

Plaintiff requests the Court enter declaratory judgment that Defendants IndyMac and Homeplaceloans.com committed violations of TILA, that Plaintiff exercised his statutory right of rescission to cancel the security agreement, and, thus, that Plaintiff's entire liability on the promissory note has been cancelled.

Plaintiff's rescission theory rests on a misreading of 15 U.S.C. § 1635. Section 1635(a) creates the statutory right of rescission relied on by Plaintiff, as follows:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

This right to rescind is subject to an express exception, however, in § 1635(e), which provides: "This section does not apply to—(1) a residential mortgage transaction as defined in section 1602(w) of this title...." Section 1602(w), in turn, defines a "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Therefore, there is no statutory right of rescission under 15 U.S.C. § 1535(e) where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. *See*, *e.g.*, *Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp.2d 1253 (D. Colo. 2004).

Here, it is undisputed that the loan in question was to finance the acquisition of a property purchased for use as a primary residence. Consequently, the right of rescission created by 15 U.S.C. § 1635 is not applicable to this transaction. Therefore, the second *Eitel* factor weighs heavily against granting default judgment declaring Plaintiff's purported statutory rescission valid.

**B. Merits of Plaintiff's Action for Quiet Title**

Plaintiff also requests the Court quiet title as to all defendants. However, Arizona law requires a complaint for an action to quiet title to include an allegation of title in plaintiff. The Court, in its previous order, found that Plaintiff's status as a trustor is not such an allegation under Arizona law governing Deeds of Trust, A.R.S. § 33-801, *et seq.* (2007). (*See* May 14, 2010 Order.) Until Plaintiff pays off the loan, it is the trustee—not Plaintiff, the trustor—who holds the title in trust.

Plaintiff, in the amended motion, offers two reasons why the Court ought to allow it to bring an action to quiet title. First, Plaintiff argues that a quiet title action may be brought by a party holding any interest in the land even if the party has no claim of title. (Doc. #63 at 4.) This construction of A.R.S. § 12-1101 (2007) is at odds with the established precedent of the Arizona Supreme Court; *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 197 P. 227 (Ariz. 1921), explicitly provides "that a complaint to quiet title... [must] show title in the plaintiff..." *Id.* at 228. Plaintiff provides no legal authority suggesting that this precedent has been or ought to be overturned.

Secondly, Plaintiff argues that the TILA rescission discussed above invalidates the title that the trustee would otherwise hold. As the Court finds that this statutory right is not applicable in this case, the trustee's title remains undisturbed.

As the Court made explicit in its earlier Order, quiet title is not a remedy available to a trustor under an Arizona Trust Deed until the debt is paid or tendered. Plaintiff has not paid the loan amount, nor has Plaintiff alleged that he is ready, willing and able to tender the full amount owed. Thus, Plaintiff's purported use of the action to quiet title is inappropriate. Thus, for this claim also, the second *Eitel* factor weighs heavily against granting default judgment.

**C. Other *Eitel* factors**

The first *Eitel* factor weighs in favor of default judgment, as Plaintiff will be prejudiced because Plaintiff would be without other recourse for recovery against Defendants

Indymac and Homeplaceloans.com. *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

The third *Eitel* factor—the sufficiency of the complaint—weighs against default judgment. As discussed above, Plaintiff's complaint is legally insufficient as to all claims.

The fourth *Eitel* factor weighs against default judgment. Under this factor, the Court considers the amount of money at stake in relation to the seriousness of defendants' conduct. *Eitel,* 782 F.2d at 1471-72. In his motion for default judgment, Plaintiff states that he is seeking no damages or costs, but requests that his entire loan liability of more than $300,000 cancelled. The seriousness of defendants alleged violations is inconsistent with such a large award.

The fifth *Eitel* factor also weighs against default judgment. On entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc.,* 826 F.2d at 917-18. However, as discussed above, Plaintiff has not plead all material facts needed to support his claims (including failing to allege title in the plaintiff). Therefore, there is a possibility that a dispute may arise from a material fact not yet plead. Accordingly, the Court finds that the fifth factor weighs against default judgment.

The sixth *Eitel* factor weighs in favor of default judgment. Here, the possibility that default resulted from excusable neglect appears unlikely. Defendants Indymac and Homeplaceloans.com failed to answer the complaint or otherwise respond and neither defendant opposed Plaintiff's motion for default judgment. Accordingly, this factor weighs in favor of granting default judgment.

The final factor—the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits—weighs against default judgment, as "cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472.

Therefore, because factors two, three, four, five, and seven weigh against granting default judgment, the Court finds that Plaintiff is not entitled to default judgment against Defendants Indymac and Homeplaceloans.com.

Accordingly,

1 | **IT IS ORDERED** denying Plaintiff's motion for default judgment (Doc. #63).

2 | **IT IS FURTHER ORDERED** directing the Clerk to close the case.

3 | DATED this 4th day of June, 2010.

/s/ James A. Teilborg
United States District Judge