**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Eason;<br>Erie Lee Eason,<br><br>        Plaintiffs,<br><br>vs.<br><br>IndyMac Bank, FSB;<br>MTC Financial, Inc. dba Trustee Corps.;<br>MERS,<br><br>        Defendants. | No. CV 09-1423-PHX-JAT<br><br>**ORDER** |

On June 4, 2010, after consideration of the factors bearing on the determination of whether to grant default judgment set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Court denied Plaintiff William J. Eason's motion for default judgment against Defendants Indymac and Homeplaceloans.com and ordered the Clerk of the Court to enter judgment in favor of Defendants. Plaintiff moves for reconsideration of the Court's Order and Judgment (Doc. 66, 68). Under Rule 60(a), the Court may correct a mistake in a judgment or order arising from an oversight. Fed. R. Civ. P. 60(a). The Court will grant Plaintiff's motions for reconsideration. However, for the reasons set forth below, this correction does not alter the outcome of the case.

**I. Background**

This case is based on alleged violations of the Truth in Lending Act ("TILA"), and also includes an action for quiet title based on a "produce the note" argument. Plaintiff

brought suit in Maricopa County Superior Court seeking injunctive relief. On July 8, 2009, Defendant MTC Financial, Inc. ("MTC") removed to this Court. On April 6, 2010, the Court granted the motions of two defendants, MTC and Mortgage Electronic Registration System ("MERS"), to dismiss for failure to state a claim. The remaining two defendants, IndyMac and Homeplaceloans.com, have failed to plead or otherwise defend. The Clerk of the Court has entered default. (Doc. #60.)

Plaintiff moved for default judgment. After entry of default by the Clerk of the Court under Rule 55(a), the Court may then grant default judgment under Rule 55(b)(2). However, entry of default judgment is not a matter of right, but is entirely within the court's sound discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit enumerated seven factors that a court may consider in determining whether to grant default judgment.

On April 14, 2010, Plaintiff submitted an affidavit—making no reference to the *Eitel* factors—requesting declaratory relief on his TILA claims and requesting quiet title. The Court found that Plaintiff had not satisfied the *Eitel* factors, but permitted Plaintiff to file an amended motion for default judgment addressing these deficiencies. On May 21, 2010, Plaintiff filed an amended motion for default judgment. After the Court denied the amended motion and ordered the case to be closed, Plaintiff filed a Motion for Reconsideration on June 14, 2010 (Doc. 66). On October 25, 2010, Plaintiff filed an Emergency Motion for Reconsideration that duplicated the text of the first motion for reconsideration (Doc. 68).

**II. The Motion for Default Judgment**

Plaintiff requests that the Court exercise its discretion and enter default judgment against Defendants IndyMac and Homeplaceloans.com. In exercising this discretion, the Court is guided by a consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel,* 782 F.2d at 1471-72. Because there are two separate substantive claims, the Court will first analyze the second factor—the merits of each of plaintiff's substantive claims—and then move on to the remainder of the *Eitel* factors.

**A. Merits of Plaintiff's TILA Claims**

Plaintiff requests the Court enter declaratory judgment that Defendants IndyMac and Homeplaceloans.com committed violations of TILA, that Plaintiff exercised his statutory right of rescission to cancel the security agreement, and, thus, that Plaintiff's entire liability on the promissory note has been cancelled.

In the Court's original order, the Court stated that Plaintiff's loan "was to finance the acquisition of a property purchased for use as a primary residence." Plaintiff, in his motion for reconsideration, avers that "[t]he loan in question was, in fact, a refinance..." (Doc. 68 at 4). While Plaintiff had not previously alleged this fact, the Court now accepts this allegation.

Because the loan at issue in this case is a refinance, TILA rescission is available. However, the Ninth Circuit has held that TILA's framework gives a trial court discretion to condition rescission on a tender by the borrower of the property, or the property's reasonable value, to the lender. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir.2003).[1] "At the end of the day, [Plaintiff] will not be entitled to rescission unless [Plaintiff] can tender the principal balance of the loan." *Avina v. BNC Mortg.*, No. C 09- 04710 JF, 2009 WL 5215751, at * 2-3 (N.D. Cal. Dec. 29, 2009) (internal quotations omitted). As Plaintiff

---

[1] While the majority of Court have required that borrowers allege an ability to tender the balance of the subject loan in order to state a claim for rescission under TILA, *Garcia v. Wachovia Mortg. Corp.*, No. 2:09-cv-03925-FMC-FMOx, 2009 WL 3837621 at *10 (C.D. Cal. Oct. 14, 2009), some courts have held that failure to plead ability to tender affirmatively is not fatal to a TILA rescission claim at the pleadings stage. *See*, *e.g.*, *ING Bank v. Ahn*, No. C 09-995 THE, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009) (noting that "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded. Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance."). In any event, because Plaintiff has sought default judgment, the Court must examine whether Plaintiff has the capacity to pay back what he has received under the loan, without which TILA rescission will be unavailable. *Yamamoto*, 329 F.3d at 1173.

1 has not alleged that he is ready, willing and able to tender the full amount owed, TILA
2 rescission is unavailable.  Thus, the second *Eitel* factor weighs heavily against granting
3 default judgment.

4 **B. Merits of Plaintiff's Action for Quiet Title**

5 Plaintiff also requests the Court quiet title as to all defendants.  However, Arizona law
6 requires a complaint for an action to quiet title to include an allegation of title in plaintiff.
7 The Court, in its previous order, found that Plaintiff's status as a trustor is not such an
8 allegation under Arizona law governing Deeds of Trust, A.R.S. § 33-801, *et seq.* (2007).
9 (*See* May 14, 2010 Order.)  Until Plaintiff pays off the loan, it is the trustee—not Plaintiff,
10 the trustor—who holds the title in trust.

11 Plaintiff, in the amended motion, offers two reasons why the Court ought to allow it
12 to bring an action to quiet title.  First, Plaintiff argues that a quiet title action may be brought
13 by a party holding any interest in the land even if the party has no claim of title.  (Doc. #63
14 at 4.)  This construction of A.R.S. § 12-1101 (2007) is at odds with the established precedent
15 of the Arizona Supreme Court; *Verde Water & Power Co. v. Salt River Valley Water Users'*
16 *Ass'n*, 197 P. 227 (Ariz. 1921), explicitly provides "that a complaint to quiet title... [must]
17 show title in the plaintiff..." *Id.* at 228.  Plaintiff provides no legal authority suggesting that
18 this precedent has been or ought to be overturned.

19 Second, Plaintiff argues that the TILA rescission discussed above invalidates the title
20 that the trustee would otherwise hold.  As the Court finds that this statutory right is not
21 applicable in this case, the trustee's title remains undisturbed.

22 Quiet title is not a remedy available to a trustor under an Arizona Trust Deed until the
23 debt is paid or tendered.  Plaintiff has not paid the loan amount, nor has Plaintiff alleged that
24 he is ready, willing and able to tender the full amount owed.  Thus, Plaintiff's purported use
25 of the action to quiet title is inappropriate.  Thus, for this claim also, the second *Eitel* factor
26 weighs heavily against granting default judgment.

27
28

**C. Other *Eitel* factors**

The first *Eitel* factor weighs in favor of default judgment, as Plaintiff will be prejudiced because Plaintiff would be without other recourse for recovery against Defendants Indymac and Homeplaceloans.com. *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

The third *Eitel* factor—the sufficiency of the complaint—weighs against default judgment. As discussed above, Plaintiff's complaint is legally insufficient as to all claims.

The fourth *Eitel* factor weighs against default judgment. Under this factor, the Court considers the amount of money at stake in relation to the seriousness of defendants' conduct. *Eitel,* 782 F.2d at 1471-72. In his motion for default judgment, Plaintiff states that he is seeking no damages or costs, but requests that his entire loan liability of roughly $200,000 cancelled. The seriousness of defendants alleged violations is inconsistent with such a large award.

The fifth *Eitel* factor also weighs against default judgment. On entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc.,* 826 F.2d at 917-18. However, as discussed above, Plaintiff has not plead all material facts needed to support his claims (including failing to allege title in the Plaintiff). Therefore, there is a possibility that a dispute may arise from a material fact not yet plead. Accordingly, the Court finds that the fifth factor weighs against default judgment.

The sixth *Eitel* factor weighs in favor of default judgment. Here, the possibility that default resulted from excusable neglect appears unlikely. Defendants Indymac and Homeplaceloans.com failed to answer the complaint or otherwise respond and neither defendant opposed Plaintiff's motion for default judgment. Accordingly, this factor weighs in favor of granting default judgment.

The final factor—the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits—weighs against default judgment, as "cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472.

1   Therefore, because factors two, three, four, five, and seven weigh against granting
2 default judgment, the Court finds that Plaintiff is not entitled to default judgment against
3 Defendants Indymac and Homeplaceloans.com.

4   Accordingly,

5   **IT IS ORDERED** that Plaintiff's motions for reconsideration (Doc. 66, 68), which
6 the Court interprets as motions for corrections pursuant to Rule 60(a), are GRANTED.

7   **IT IS FURTHER ORDERED** that, as this Order supercedes the June 4, 2010 Order
8 (Doc. 64), the June 4, 2010 Judgment (Doc. 65) is VACATED.

9   **IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Doc. 63)
10 is DENIED.

11   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct the Record to
12 Reflect the Proper Name of Defendant Entity to its Formal Appellation, re: IndyMac
13 Mortgage Services, a division of One West Bank FSB  (Doc. 67) is DENIED as moot.

14   **IT IS FURTHER ORDERED** directing the Clerk to enter judgment in favor of
15 Defendants and close the case.

16   DATED this 5th day of November, 2010.

James A. Teilborg
United States District Judge